**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

THOMAS L. MANUEL, JR.,

    Plaintiff,

v.                                                   Case No. 8:11-CV-1843-T-30MAP

ST. PETERSBURG POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

**<u>ORDER</u>**

Plaintiff, a prisoner incarcerated at Pinellas County Jail who is proceeding *pro se*, initiated this action by filing a civil rights complaint in which he claims he was subjected to an unreasonable search and seizure in violation of his Fourth Amendment rights (Dkt. 1). Pursuant to this Court's order (see Dkt. 4), Plaintiff filed an amended complaint (Dkt. 6). As relief, Plaintiff appears to seek release from prison and compensatory damages.

Under 28 U.S.C. § 1915A, a district court must screen prisoners' civil complaints against government officials or entities and dismiss the complaints if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. The language of the statute does not distinguish between prisoners who proceed *in forma pauperis* and prisoners who pay the requisite filing fee. The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte*. *See* 28 U.S.C. § 1915A(a). Thus, because state officers have been named as defendants in these proceedings, the Court is required to review the complaint. Upon review, the Court concludes that Plaintiff's amended complaint must be dismissed without prejudice to Plaintiff filing a second amended complaint.

## Discussion

**Identifying Defendants**

In the caption of the complaint, Plaintiff identifies the St. Petersburg Police Department and Officer Jenna Roberts as defendants to this action (Dkt. 6 at 1). In section VII of the complaint form, Plaintiff appears to further identify Heidi Demers and Frank Migiore as defendants to this action (Id. at 8). In section V of the complaint form, Plaintiff fails to identify any defendant to this action (Id. at 6-7).

Plaintiff must identify in both the caption and section V of the complaint form all of the defendants he seeks to include in this action. Plaintiff must also set forth with specificity the nature of his causes of action and how each named defendant is involved in the alleged wrongdoing.

**St. Petersburg Police Department**

>The St. Petersburg Police Department is not a proper defendant to this action.

>Florida has examined the question as to the correct party in interest as it pertains to police departments and found the city or municipal corporation to be the proper party. *See Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990); *Florida City Police Dept. v. Corcoran*, 661 So.2d 409 (Fla. 3d DCA 1995). In so finding, the courts have reasoned that the police department is the vehicle through which the city fulfills its policing functions. Therefore, the Florida courts have found that the city police department is not a legal entity and has no legal existence separate and apart from the city. *Corcoran*, 661 So.2d at 410.

*Mann v. Hillsborough County Sheriff's Office*, 946 F. Supp. 962, 970-71 (M.D. Fla. 1996). Under Florida law, police departments are not legal entities amenable to suit. *See Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941 (11th Cir. 2008); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Accordingly, Plaintiff should drop the St. Petersburg Police Department as a defendant to this action.

**Damages**

Section 1983 plaintiffs may only "recover damages or allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" if they can demonstrate that the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck*, however, does not necessarily bar Fourth Amendment claims. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Because an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction." *Id*. Courts must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted.

*Vickers v. Donahue*, 137 Fed. Appx. 285, 290 (11th Cir. 2005) (unpublished opinion) (citing *Hughes*, 350 F.3d at 1160 n. 2). Nonetheless, *Heck* does bar those claims that "if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense." *Hughes*, 350 F.3d. at 1160 n. 2.

It is not clear from Plaintiff's complaint whether he challenged the allegedly unlawful search and seizure during his criminal case. Plaintiff is cautioned that in order to prevail, he must prove not only that the search was unlawful, but that it caused him "actual, compensable injury." *Heck*, 512 U.S. at 478 n.7. The "injury" of being convicted and imprisoned is not encompassed within this phrase until the conviction has been overturned. *Id*. Moreover, even if Plaintiff is not entitled to compensatory or punitive damages, if his conviction has not been overturned, he is entitled to an award of nominal damages upon proof of a violation of a substantive constitutional right even in the absence of actual compensable injury. *Hughes*, 350 F.3d at 1162; *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978). These damages, however, ordinarily do not exceed $1.00. *Carey v. Piphus, supra*.

**Release from Incarceration**

Finally, Plaintiff's request for release from incarceration requires that he file a petition for writ of habeas corpus, following the exhaustion of his state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely in a petition for writ of habeas corpus).

## Leave to Amend

Within 30 days from the date of this Order, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The second amended complaint supersedes the original and amended complaints, and all claims must be raised in the second amended complaint**. Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief.  Plaintiff *__must__* limit the allegations in the second amended complaint to claims related to the same basic incident or issue that is the subject of the amended complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts.  In the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's amended complaint (Dkt. 6) is **DISMISSED** without prejudice. Plaintiff has **thirty (30) days** from the date of this Order to file a second amended complaint in compliance with this Order.

2. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court *shall, without further notice, enter a judgment of dismissal of this action with prejudice*.

3. The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with his copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on September 20, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff