UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS L. MANUEL, JR.,

    Plaintiff,

v.                                       Case No. 8:11-CV-1843-T-30MAP

ST. PETERSBURG POLICE
DEPARTMENT, et al.,

    Defendants.
_____/

## ORDER

Plaintiff, a prisoner incarcerated at Pinellas County Jail who is proceeding *pro se*, initiated this action by filing a civil rights complaint in which he claims he was subjected to an unreasonable search and seizure in violation of his Fourth Amendment rights (Dkt. 1). Pursuant to this Court's Order (see Dkt. 4), Plaintiff filed an amended complaint (Dkt. 6). Thereafter, pursuant to this Court's September 20, 2011 Order (see Dkt. 8), Plaintiff filed a second amended complaint (Dkt. 9). As relief, Plaintiff requests solely release from incarceration (Dkt. 9 at 10).

In light of Plaintiff's claim for relief, his exclusive remedy is a petition for writ of habeas corpus. *See Pugh v. Smith*, 333 Fed. Appx. 478, 479 (11th Cir. June 24, 2009) (unpublished) (stating that "[a] habeas petition is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate release.") (citing in part *Prieser v. Rodriguez*, 411 U.S. 475, 500 (1973)). As the United States Supreme Court also reaffirmed based on its prior precedent in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), "a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief

sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Robinson v. McDonough*, 259 Fed. Appx. 238 (11th Cir. 2007) (unpublished) (emphasis in original) (citing and quoting *Preiser* and *Wilkinson*).  Furthermore, even if the Court were to construe Plaintiff's complaint as a petition for writ of habeas corpus, *see Pugh v. Smith*, 333 Fed. Appx. at 480, such a petition would still have to be dismissed because Plaintiff has failed to show that his judgment of conviction is final, and that he has exhausted the state remedies available to him. *See Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004).[1]

**ACCORDINGLY**, the Court **ORDERS** that:

1. Plaintiff's second amended complaint is **DISMISSED**  (Dkt. 9).

2. The **Clerk of Court** shall close this case.

3. The **Clerk of Court** is directed to mail one copy of the court-approved form used to initiate a § 2254 case and one Affidavit of Indigency form with Plaintiff's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 13, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff

---

[1] *See Manuel v. Sec'y Dept. of Corrections*, Case No. 8:11-cv-1844-T-27MAP (Dkt. 6 - Sept. 8, 2011 Order dismissing without prejudice petition for writ of habeas corpus because state court judgment not final).